IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:12-CR-00015-KDB-DCK

| | |
|---|---|
| USA | ) |
| | ) |
| v. | ) ORDER |
| | ) |
| ANTHONY CALDWELL | ) |
| | ) |

**THIS MATTER** is before the Court on the defendant's pro se pleading requesting a sentence reduction pursuant to Amendment 782 to the Sentencing Guidelines (Doc. No. 50).

This Court has previously ruled that Amendment 782 provides no change in the guideline calculations in this case. (Doc. No. 45: Order denying Sentence Reduction at 1).

Defendant pled guilty on August 21, 2012, to possession with intent to distribute cocaine base 21 U.S.C. §§ 841(a) and (b)(1)(C) (Count One), and possession with intent to distribute cocaine base 21 U.S.C §§ 841(a) and (b)(1)(C) (Count Two). At sentencing on July 8, 2013, the Court determined the base offense level of 12, based on defendant being responsible for 1.4 grams of cocaine base. The total offense level, however, was 29 pursuant to USSG §4B1.1(b)(career offender status). This produced a guidelines range of 151 to 188 months. The Court imposed a sentence of 151 months' imprisonment.

Amendment 782 only serves to amend those base offense levels found in USSG §§2D1.1 and 2D1.11. In this case, defendant's drug base offense level cannot fall any further. Moreover, his total offense level remains unchanged pursuant to

§4B1.1(b). Therefore, defendant's guideline range is the same now as it was at sentencing. There is no change in the guideline range calculations and Amendment 782 is not applicable in this case.

**IT IS, THEREFORE, ORDERED** that the defendant's motion (Doc. No. 50) is **DENIED**.

The Clerk is directed to certify copies of this Order to the defendant, the Federal Defender, the United States Attorney, the United States Marshals Service, and the United States Probation Office.

Signed: November 6, 2019

Kenneth D. Bell
United States District Judge