IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:12-CR-00015-KDB-DCK-1

| USA | ) | |
| --- | --- | --- |
| | ) | |
| v. | ) | <u>ORDER</u> |
| | ) | |
| ANTHONY CALDWELL | ) | |
| | ) | |

**THIS MATTER** is before the Court upon motion of the defendant *pro se* for a reduction of sentence based on the First Step Act of 2018 and a request for appointment of counsel (Doc. No 54)

The defendant pled guilty to possessing with intent to distribute cocaine base, a Schedule II controlled substance in violation of 21 U.S.C. §841(a)(1) and (b)(1)(C) (Counts One and Two). Section 404(c) of the First Step Act specifies that a court "shall not entertain" a reduction motion where the sentence was imposed in accordance with the Fair Sentencing Act of 2010. Here, the defendant was sentenced on July 8, 2013, (Doc. No. 19: Judgment at 1), well after the effective date of the Fair Sentencing Act. Therefore, he is not eligible for a sentence reduction under the First Step Act.

The defendant also asks the Court to appoint him counsel to assist him with his request for a sentence reduction under the First Step Act. However, "a criminal defendant has no right to counsel beyond his first appeal." *United States v. Legree*, 205 F.3d 724, 730 (4th Cir. 2000) (quoting *Coleman v. Thompson*, 501 U.S. 722, 756

(1991). "Though in some exceptional cases due process does mandate the appointment of counsel for certain postconviction proceedings, . . . [a] motion for reduction of sentence does not fit into this category." *Legree*, 205 F.3d at 730 (internal citation omitted).

**IT IS, THEREFORE, ORDERED** that the defendant's motion (Doc. No. 54) is **DENIED**.

Signed: April 15, 2021

Kenneth D. Bell
United States District Judge