IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:12-CR-00015-KDB-DCK-1

| | |
|---|---|
| USA | ) |
| | ) |
| v. | ) ORDER |
| | ) |
| ANTHONY CALDWELL | ) |
| | ) |

**THIS MATTER** is before the Court upon what can most liberally be read as a motion of the defendant *pro se* for home confinement under the Coronavirus Aid, Relief, and Economic Security (CARES) Act of 2020. (Doc. No. 56). Defendant is requesting two months of home confinement prior to his reporting to a designated residential re-entry center. Defendant was previously denied home confinement by the warden under the CARES Act on June 1, 2020. (Doc. No. 52 at 3).

In response to the COVID-19 pandemic, the President signed the CARES Act into law on March 27, 2020. Pub. L. 116-136, 134 Stat 281, 516. Section 12003(b)(2) of the Act gives the Director of the BOP authority to lengthen the maximum amount of time a prisoner may be placed in home confinement under 18 U.S.C. § 3624(c)(2) during the covered emergency period if the Attorney General finds that emergency conditions will materially affect the functioning of the BOP. On April 3, 2020, the Attorney General issued a memorandum to the Director of the BOP making that finding and directing the immediate processing of suitable candidates for home confinement. However, nothing in the CARES Act gives the Court a role in determining those candidates. *See United States v. Caudle*, 740 F. App'x 364, 365

(4th Cir. 2018) (district court lacks authority to govern designation of prisoners under § 3624(c)(2)).

**IT IS, THEREFORE, ORDERED**, that the defendant's pro se motion for home confinement (Doc. No. 56), is **DENIED.**

SO ORDERED.

Signed: November 30, 2021

Kenneth D. Bell
United States District Judge