IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CRIMINAL ACTION NO. 5:12-CR-00015-KDB-DCK-1

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> v. <br><br> ANTHONY CALDWELL, <br><br> Defendant. | **ORDER** |

**THIS MATTER** is before the Court on Defendant Anthony Caldwell's *pro se* motion for compassionate release under 18 U.S.C. § 3582(c)(1) and the First Step Act of 2018. (Doc. No. 58). Having carefully reviewed the Defendant's motion and all other relevant portions of the record, the Court will grant the motion and reduce Defendant's sentence to Time Served as of July 18, 2022, with all other terms and conditions of the sentence remaining in full force and effect.

In 2013, Defendant pled guilty to two counts of possessing with intent to distribute cocaine base, a Schedule II controlled. (Doc. No. 13). He was sentenced to 151 months plus three years of supervised release. (Doc. No. 19).

Defendant is a 55-year-old male serving his prison sentence at FCI Allenwood - Medium[1] in Pennsylvania. His current projected release date is January 20, 2023. Defendant bases his current motion on the threat posed by the COVID-19 pandemic and states that he suffers from borderline diabetes, ayspepsia, fecal blood and vision problems which place him at a greater risk of death

---

[1] According to the Bureau of Prison's (BOP) website, FCI Allenwood - Medium currently has zero inmates and zero staff with confirmed cases of COVID-19. There have been no inmate deaths and no staff deaths, while 520 inmates have recovered and 54 staff have recovered. Additionally, at FCI Allenwood complex, 2,189 inmates have been fully inoculated and 595 staff have been fully inoculated.

from COVID-19 complications. (Doc. No. 58, at 2, Exhibit 2 at 1, 3). While his health issues are regrettable, the medical records provided by the Defendant are over three years old and it appears that he was having medical appointments to tend to his issues. Therefore, the Court does not find his health issues are an "extraordinary and compelling" reason for a sentence reduction.

With the Fourth Circuit's recent decision in *United States v. McCoy*, 981 F. 3d 271 (4th Cir. 2020), there is now no applicable policy statement governing compassionate release motions filed by a defendant. *Id*. at 284. As a result, district courts are empowered to consider any extraordinary and compelling reason for release that a defendant may raise. *Id*.

Defendant also claims that there exists a sentencing disparity in that if he were sentenced today, he would not be a career offender. (Doc. No. 58 at 3). Based on the Fourth Circuit's decision in *U.S. v. Campbell*, 22 F.4th 438 (4th Cir. 2022), Defendant's 1992 convictions for "sell or deliver cocaine" (92CRS6019 and 92CRS6028 listed in Doc. No. 17, ¶ 41) would no longer count as predicate controlled substance offenses and Defendant would not be deemed a career offender. Without the career offender enhancement, Defendant's Total Offense Level would be 10 with a Criminal History of VI and a Guideline Range of 24-30 months imprisonment. The Defendant has served almost 93% of the original sentence (140 of 151 months). The Court finds that this presents an "extraordinary and compelling" reason for a sentence reduction. The Court further notes that the amount of crack cocaine involved was miniscule as it was only 1.4 grams. *Id.*, ¶ 17.

The Court has considered the § 3553(a) sentencing factors and finds that they support a reduction in his sentence to Time Served as of July 18, 2022. The Court has already discussed the applicable guideline range if he were sentenced today and the need to avoid unwarranted sentencing disparities. The Defendant is 55 years old and the risk of recidivism is low. His

rehabilitation while in the Bureau of Prisons is strong given the number of programming courses he has taken, (Doc. No. 58, Exhibit 1) which far outweigh his two disciplinary infractions. Additionally, his family support is evident as he has arranged employment with his nephew and will reside with his mother, Paulette Caldwell, at 415 North Academy Street, Mooresville, North Carolina. (Doc. No. 58 at 6, 7).

**IT IS, THEREFORE ORDERED**, Defendant's *pro se* motion for compassionate release under 18 U.S.C. § 3582(c)(1)," (Doc. No. 58), is **GRANTED** and Defendant's sentence is reduced to Time Served as of July 18, 2022, with all other terms and conditions remaining in full force and effect.

**SO ORDERED.**

Signed: July 5, 2022

Kenneth D. Bell
United States District Judge